UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN D. OWENS,

        Petitioner,        Case Number: 2:15-cv-11778
                                       Hon. Matthew F. Leitman

v.

THOMAS WINN,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY (ECF # 10), CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES, AND DENYING MOTION FOR EXTENSION OF TIME AS MOOT (ECF #9)

On May 18, 2015, state prisoner Steven D. Owens ("Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (the "Petition"). (*See* ECF #1). The Petition challenges these convictions: conspiracy to assault with intent to do great bodily harm less than murder; solicitation to assault with intent to do great bodily harm less than murder; assault with intent to do great bodily harm less than murder; bribing, intimidating, or interfering with a witness in a criminal case; and inciting or procuring one to commit perjury. Respondent has filed an answer in opposition (*see* ECF #7) and the state court record (*see* ECF #8). The matter is now before the Court on Petitioner's motion to stay proceedings and hold the Petition in abeyance ("Motion to Stay") (*see* ECF #10), and Petitioner's motion for extension of time to file reply to Respondent's answer ("Motion for Extension of Time") (*see* ECF #9). Respondent has not answered either motion.

Petitioner seeks a stay to allow him to raise two claims in state court: (i) one of the prior convictions supporting third habitual offender sentencing enhancement was the result of an uncounseled plea; and (ii) appellate counsel was ineffective for failing to raise this claim on direct review. A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust state remedies for all of his claims. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must present each issue to the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Beatty v. Caruso*, 64 F. App'x 945, 948 (6th Cir. 2003); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) (recognizing court's discretion to stay and establishing criteria for stay). A stay may be granted when the petitioner has "good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278 (*citing Rose v. Lundy*, 455 U.S. 509, 522 (1982)).

The Court finds that a stay is warranted in this case. First, the dismissal of this case while Petitioner pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing exhaust his claims. Third, the unexhausted claims do not appear to be plainly meritless. Fourth, there is no evidence of intentional delay. Under these circumstances, the Court concludes it is not an abuse of discretion to stay this case while Petitioner pursues state remedies for his unexhausted claims.

Accordingly, the Court **GRANTS** Petitioner's Motion to Stay (ECF #10), and holds the Petition in abeyance pending Petitioner's exhaustion of state court remedies as to his additional claims.

The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within **60 days** of the filing date of this order by filing a motion for relief from judgment with the state trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure for staying habeas proceeding pending exhaustion of state court remedies). The stay is further conditioned on Petitioner's return to this Court, by the filing of a motion to reopen and amend the petition, using the same caption and case number included at the top of this Order, within **60 days** of fully exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with any of these conditions, the Petition may be dismissed. *See Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014) (holding that dismissal of a habeas petition is appropriate where a petitioner has failed to comply with the terms of a stay). This case is **CLOSED** for administrative purposes pending compliance with the conditions set forth in this Order.

The Court **DENIES AS MOOT** Petitioner's Motion for Extension of Time (ECF #9).

**IT IS SO ORDERED.**

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: January 21, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 21, 2016, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (313) 234-5113